```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


KIMBERLY SUE PROBST,

                    Plaintiff,

vs.                                     Case No. 14-1207-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On February 8, 2013, administrative law judge (ALJ) Rhonda Greenberg issued her decision (R. at 15-23). Plaintiff alleges that she had been disabled since February 1, 2010 (R. at 15). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2010 (R. at

15). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from the alleged onset date of February 1, 2010 through her date last insured of December 31, 2010 (R. at 17). At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 17). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 19), the ALJ determined at step four that plaintiff was able to perform past relevant work as a short order cook, waitress, packager, and file clerk (R. at 23). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20

5

C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

6

The ALJ found that plaintiff had the RFC to perform medium work, lifting/carrying 50 pounds occasionally and 25 pounds frequently,[1] standing/walking for 6 hours and sitting for 6 hours in an 8 hour workday.  Plaintiff could also engage in postural maneuvers on an occasional basis, and had a few environmental limitations (R. at 19-20).

The only medical opinion evidence regarding plaintiff's RFC on or after plaintiff's alleged onset date is Dr. Hitchcock, a non-examining medical source, who examined the medical records and indicated on February 17, 2012 that plaintiff could lift 20 pounds occasionally and 10 pounds frequently (R. at 76-78), which is consistent with light work.  20 C.F.R. § 404.1567(b). Dr. Hitchcock opined that plaintiff could stand/walk and sit for 6 hours in an 8 hour workday, occasionally perform postural maneuvers (R. at 77), and had a few environmental limitations (R. at 78).

The ALJ agreed with the opinions of Dr. Hitchcock regarding plaintiff's postural and environmental limitations, and plaintiff's ability to sit and stand/walk, but rejected the opinion of Dr. Hitchcock that plaintiff was limited to light work.  Instead, as noted above, the ALJ found that plaintiff could perform medium exertional work (R. at 22).  The ALJ stated that "for the reasons outlined above," plaintiff could perform

---

[1] These lifting/carrying limitations are consistent with medium work.  20 C.F.R. § 404.1567(c).

7

medium exertional work (R. at 22), but the ALJ never pointed to any evidence to support her finding that plaintiff was capable of medium exertional work.  The ALJ did not cite to any medical evidence, medical opinion, testimony or any other evidence to support his assertion that plaintiff could perform medium exertional work.  Therefore, the court finds that this conclusory assertion by the ALJ that plaintiff is capable of performing medium exertional work is not supported by substantial evidence.

However, at step four, the ALJ found that plaintiff was capable of performing past relevant work as a waitress (light work), short order cook (light work), packager (medium work) and file clerk (light work).  The ALJ found that this work was performed by plaintiff at the level of substantial gainful activity (R. at 23).  These findings are consistent with the testimony of the vocational expert (VE) (R. at 49) and the work history evaluation by the VE (R. at 236).  Therefore, even if plaintiff were limited to light work as opined by Dr. Hitchcock, the remaining jobs are sufficient to support the ALJ's step four determination concerning plaintiff's ability to perform past relevant work.  The Commissioner need not establish that a prior job exists in significant numbers in the national economy to find that job constitutes past relevant work.  <u>Wells v. Colvin</u>, 727 F.3d 1061, 1074 (10th Cir. 2013).

Plaintiff does not argue that the ALJ erred in her step four findings.  Therefore, even had the ALJ accepted in full the opinion of Dr. Hitchcock that plaintiff was limited to light work, plaintiff was still capable of performing past relevant work.  Furthermore, there is no medical opinion evidence that plaintiff was not capable of performing light work as opined by Dr. Hitchcock on or after plaintiff's alleged onset date.[2]  Therefore, any error by the ALJ in finding that plaintiff could perform medium work is harmless error because, even if plaintiff was limited to light work, there is substantial evidence in the record that plaintiff could still perform past relevant work.

**IV.  Are the ALJ's credibility findings supported by substantial evidence?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence

---

[2] The only other medical opinion evidence addressing plaintiff's limitations was from January 23, 2008, following back surgery on December 19, 2007.  In that evidence, Dr. Henry, released plaintiff to work with a 15-pound weight restriction with light duty while wearing a brace (R. at 258, 265).  However, plaintiff's alleged onset date was February 1, 2010, two years later.  There is no evidence in the record that this limitation remained in effect on or after the alleged onset date.

9

favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony.  Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ summarized plaintiff's testimony and statements, considered a statement from plaintiff's husband, summarized the medical evidence, and discussed plaintiff's daily activities (R. at 20-23). The court finds that the balance of the ALJ's summary of the evidence and her credibility findings are supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's

11

alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").  There is substantial evidence in the record that plaintiff can perform light work, and therefore is capable of performing past relevant work.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 1st day of September 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge